Marshall, C. J.
The questions presented in this case arise out of the contest of a will in the common pleas court of Hardin county. The case was first tried before the court of common pleas of Hardin county, judgment being rendered in favor of the plaintiff. A motion for new trial was filed, and among other grounds it was urged that the verdict was contrary to the weight of the evidence. *41 The motion was sustained, but the journal entry did not state the specific grounds for the disposition of the motion. Thereupon the case was again tried, in which trial the defendant, Elmer G. McClelland, a judge of the court of common pleas of Wood county, presided. Again the verdict was in favor of the plaintiff, and again a motion for new trial was filed, stating several grounds, among which was the same ground, to-wit, that the verdict was against the weight of the evidence. The motion was sustained, and it was specifically stated in this entry that the decision was on the grounds that the verdict of the jury “is not sustained by the weight of the evidence and is contrary to law.” Thereupon the mandamus proceeding was instituted in the court of appeals of Hardin county, and the prayer of the petition was that Judge McClelland be ordered to overrule the motion for a new trial; and for such other relief to which relator might be entitled. Upon hearing of the mandamus proceeding Judge McClelland was ordered to overrule defendant’s motion for a new trial, so far as said motion relates to the ground that the verdict is against the weight of the evidence,, and to decide said motion for a new trial so far as the same relates to the grounds other than the weight of the evidence.
Although the judgment of the court of appeals was in her favor, relator is not satisfied with the judgment, because it does not order the court of common pleas of Hardin county .to render final judgment on the verdict instead of remanding the proceeding to the court of common pleas for disposition of the other branches of the motion for a new *42 trial. Costs in the mandamus proceeding were adjudged against the relator.
Two questions are presented by this record:
First. Is it the duty of the trial court to pass upon all the grounds contained in a motion for new trial, and does a presumption arise that the trial court has overruled all other assignments of error not expressly stated in the journal entry as the grounds for sustaining the motion ?
Second. Could the costs of the proceeding be properly assessed against the relator, the judgment having been rendered against the defendant ?
We will consider these questions in their order.
We find no statutory provision requiring the trial court to pass upon all grounds stated in a motion for new trial. Section 12248, General Code, provides that all errors assigned in a petition in error shall be passed upon by the court, but no such provision is found covering motions for new trial. It would seem, therefore, inasmuch as the legislature made specific provision in the one instance without making any provision in the other, that if any presumption arises it would be presumed, upon well-settled rules of construction, that the legislature did not intend to require that all the grounds set forth in a motion for new trial should be passed upon. If a motion for new trial is overruled, it will be conclusively presumed that all of the grounds are passed upon, but the same presumption does not arise where the motion is sustained. It might very well be that the trial court was convinced that there was one perfectly good reason for granting a new trial, and that it was therefore unnecessary tó dwell *43 upon other grounds. The court of appeals having held that the trial court was without authority to grant a new trial on the weight of the evidence', and it not appearing in the record that the other grounds of. the motion for new trial were passed upon, the court of appeals was clearly within its rights in ordering the court of common pleas to examine the other grounds of the motion for a new trial.
It is urged, however, by counsel for relator, that such an order by the court of appeals upon the court of common pleas is an attempt to compel an exercise of judicial discretion. We do not take this view of the matter. The court of common pleas is not compelled to decide the other grounds of the motion in a particular way, but is merely directed to decide them, leaving to the court of common pleas the discretion of deciding according to its judgment.
Upon the second question presented, above referred to, no special provision will be found in the code relating to assessment of costs in a mandamus proceeding, where the judgment is rendered in favor of the relator. It is, however, provided in Section 12298, General Code, that if the judgment is in favor-of the defendant the costs shall be adjudged against the relator. It is not necessary to attempt to enter into the mental processes by which the legislature was moved to declare that in the event of a judgment in favor of the defendant the costs should be adjudged against' the relator without making a reciprocal provision in the event of a judgment in favor of the relator. It is sufficient to say that the legislature has thus spoken, and it does not follow that because it is provided that the *44 relator should pay the costs in the event of an adverse judgment the converse of the proposition will be presumed. On the contrary, if any presumption arises, it will be presumed that the legislature intended to leave the matter of costs discretionary with the trial court in the event of judgment against the defendant.
In the instant case, we can see that the provision is a wise one and that the discretion of the court of appeals was wisely' exercised. The trial judge had no means of knowing that the first motion for a new trial was sustained upon the weight of the evidence and could not have ascertained this fact even by an examination of the journal. It would therefore be manifestly unfair to tax the costs against the judge of the court of common pleas personally.
For the foregoing reasons we find no error in this record to the prejudice of the plaintiff in error, and the judgment of the court of appeals will therefore be affirmed.
. Judgment affirmed.
Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.